**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                                                    **CASE NO. 3:06CR14**

**JOHN K. ESTES**

## <u>ORDER</u>

This cause comes before the Court on the defendant's Request for Disclosure of Identity of Witnesses [103-1]; Request for Disclosure of Impeachment Information [104-1]; and Motion in Limine Requiring Prosecution to Give Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence [106-1].   The Court has reviewed the briefs and exhibits and is prepared to rule.

The defendant, John K. Estes, is charged with one count of conspiracy to distribute in excess of 50 grams of methamphetamine.   In Estes's first motion, he seeks an order requiring the Government to list its witnesses and make them available for interview by defense counsel.  As the Government notes, Rule 16, which addresses the scope and manner of criminal discovery, does not provide for the mandatory production of the names and addresses of prosecution witnesses.  <u>See</u> Fed. R. Crim. Pro. 16; <u>U.S. v. Fischel</u>, 686 F.2d 1082, 1090 (5th Cir. 1982).  Furthermore, Estes's motion presents no grounds for granting the requested relief under the balancing test articulated in <u>Roviaro v. U.S.</u>, which held that the public interest in protecting the flow of information must be balanced against the individual's right to prepare his defense.  353 U.S. 43, 62, 77 S.Ct. 623, 628-29, 1 L.Ed.2d 639 (1957).  Accordingly, this motion is DENIED.

Estes's next motion seeks disclosure of impeachment information under the rule announced in <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).  The Court agrees with

the Government that, while <u>Brady</u> mandates production of exculpatory or impeaching evidence, the Government is not required to produce such evidence at this stage of the proceeding. Accordingly, the motion is DENIED as premature. Should the Government fail to fulfill its <u>Brady</u> obligations in a timely manner, Estes may file a new motion to compel such production.

Finally, Estes seeks an order requiring the Government to give notice of its intent to use other crimes, wrongs or acts evidence under Rule 404(b). Rule 404(b) plainly requires the Government to give reasonable notice of its intent to use such evidence, and the Government concedes as much. Estes cites no authority, however, for his specific contention that any amount of time less than two weeks before the commencement of trial is unreasonable under Rule 404(b), and to the extent that his motion seeks to compel the Government to disclose its planned use of such evidence at least two week prior to trial, the motion is DENIED. If and when the Government complies with its disclosure obligations under Rule 404(b), the Court will consider the reasonableness of the notice at that time.

## <u>CONCLUSION</u>

In light of the foregoing, it is hereby ORDERED that:

1.      the defendant's Request for Disclosure of Identity of Witnesses [103-1] is DENIED;

2.      the defendant's Request for Disclosure of Impeachment Information [104-1] is DENIED; and

3.      the defendant's Motion in Limine Requiring Prosecution to Give Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence [106-1] is DENIED.

This is the 20th day of April, 2006.


  **/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**